UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 09-21-GFVT

EARL DANIELS,                                                                                   PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                         DEFENDANT.

I.  INTRODUCTION

Plaintiff, Earl Daniels, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying his application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). [R. 12].  Now ripe for decision on the parties' motions for summary judgment, and for the reasons stated, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 8] be denied, the Defendant's Motion for Summary Judgment [R. 11] be granted, and that Judgment be entered affirming the final decision of the Commissioner.

II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

The Plaintiff was born in 1974 and was 33 years old on the date of the Administrative Law Judge's decision. [Tr. 31, 60].  He completed the ninth grade, and dropped out of school during the tenth grade; he has not received his GED, and he reports no specialized job training.

[Tr. 76, 452]. The Plaintiff resides with his wife and has one minor child who resides in the home. [Tr. 450]. The Plaintiff's employment experience consists of working as a general laborer in the construction industry from 1996 to 1999, and working to clear-cut gas company right-of-ways from 2001 to 2003. [Tr. 93, 118].

In his Disability Report, Form SSA-3368, the Plaintiff claimed his work ability was limited due to "back pain, leg pain, kidney problems, high blood pressure, sugar, heart problems." [Tr. 71]. As a result of his impairments, the Plaintiff protectively filed for benefits on May 13, 2004. [Tr. 22]. His claims were denied initially [Tr. 45, 48-51], and on reconsideration. [Tr. 47, 54-56]. After denial of his claims, he requested a hearing in front of an Administrative Law Judge (ALJ). [Tr. 57]. ALJ Algernon Tinsley held a hearing in Prestonsburg, Kentucky, on November 16, 2006. [Tr. 446-485]. The Plaintiff testified at the hearing, and was represented by counsel, Bobby Rowe. [Tr. 446]. The ALJ also heard testimony from a vocational expert, Leah Salyers.[1] [Tr. 478-484].

The ALJ ruled against the Plaintiff in a written decision dated May 30, 2007. [Tr. 22-33]. The ALJ found that the Plaintiff suffered from the severe impairments of "chronic pain syndrome involving the back and legs, obesity, hypertension, history of chest pain, hyperlipidemia, diabetes mellitus with neuropathy, and kidney problems (20 C.F.R. 404.1520(c) and 416.920(c))." [Tr. 24]. Despite these conditions, the ALJ found that the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." [Tr. 26]. Continuing with his evaluation, the ALJ found that the Plaintiff retained the residual functional capacity to perform medium work, with

---

[1] The ALJ's written opinion incorrectly identifies the vocational expert as Melissa Glannon. [R. 22].

2

limitations. [Tr. 27]. The ALJ found that the Plaintiff was unable to perform any past relevant work, but that "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." [Tr. 31]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. 32]. Following the adverse decision of the ALJ, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied his request for review. [Tr. 5-7].

On February 18, 2009, the Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky. [R. 2]. In his Motion for Summary Judgment [R. 8], the Plaintiff claims that the ALJ's decision should be reversed because the regulations required the ALJ to recontact Dr. Robert L. Roe, one of the Plaintiff's treating physicians. Following the briefing, this matter was referred to the undersigned for preparation of a report and recommendation. [R. 12]. The parties having fully briefed the issues, this matter is ripe for adjudication.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide

questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

The Plaintiff seeks to reverse the ALJ's decision arguing that the regulations required the ALJ to recontact Dr. Robert L. Roe, a treating physician, regarding the physician's statement that the Plaintiff was unable to work. However, as discussed below, the argument is without merit and the Motion for Summary Judgment should be denied.

As an initial matter, Dr. Roe's opinion that the Plaintiff is precluded from all work activity is not entitled to weight in the ALJ's analysis. The regulations state the following about such opinions:

4

> (e) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of the case; i.e., that would direct the determination or decision of disability.
>
> (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In do doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.
> ....
> (3) We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (e)(1) and (e)(2) of this section.

20 CFR § 404.1527(e). Any statement by Dr. Roe indicating that the Plaintiff is "unable to work" is a medical source opinion on an issue reserved for the ALJ and is not entitled to weight. Though he was not required to give weight to Dr. Roe's statement, the ALJ explained his rejection of the opinion as follows: "the objective clinical findings of record are not consistent with total debilitating impairment and it is further noted that the ultimate conclusion of disability is one reserved to the Commissioner of Social Security pursuant to Social Security Ruling 96-5p." [Tr. 30].

Despite the fact that Dr. Roe's statement is not entitled to any weight, the Plaintiff claims that the ALJ's rejection violated Social Security regulation 20 C.F.R. § 404.1512, which states in pertinent part:

> (e) *Recontacting medical sources*. When the evidence we receive from your treating physician or psychologist or other medical source *is inadequate for us to determine whether you are disabled*, we will need additional information to reach

5

> a determination or a decision. To obtain the information, we will take the following actions.
>> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source *when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques*.

Id. (emphasis added). The Plaintiff argues that the regulations make recontacting of medical sources mandatory, and that the ALJ's failure to do so in this case warrants reversal. [R. 8].

The plain text of the regulations themselves make clear that a medical source must be recontacted only if the evidence from that source is "inadequate." As stated in 20 C.F.R.§ 404.1512(e)(1), medical sources should be recontacted if the report itself contains a "conflict or ambiguity that must be resolved," if it "does not contain all the necessary information," or if the report does not appear to be based on acceptable medical techniques. Id.  This case does not present a situation where the ALJ was under a duty to recontact the medical source. "A disagreement between two medical professionals does not render the opinion of one 'inadequate' under the regulations." DeBoard v. Comm'r of Soc. Sec., 211 Fed. Appx. 411, 416 (6th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (the requirement for additional information under 404.1512(e) "is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability."). The ALJ expressly noted that he was rejecting Dr. Roe's opinion, not because it was inadequate, but because it conflicted with the "medical evidence of record." [Tr. 30]. Specifically, the ALJ noted that Dr. Roe's statement of total disability was inconsistent with other medical evidence: "Aside from being advised to follow up with primary care physicians, attending emergency room

physicians and/or hospital physicians have not imposed any permanent work-related restrictions on discharge, and similarly neither Dr. Klein nor Dr. Thorndyke have indicated that work-related restrictions are necessary." [Tr. 30].

In addition, the obligation to recontact does not change the fact that when there are conflicts in the medical evidence of record, it is the duty of the ALJ to resolve those conflicts. Chandler v. Comm'r of Soc. Sec., 124 Fed. Appx. 355, 358 (6th Cir. 2005) *citing* Richardson v. Perales, 402 U.S. 389, 399 (1971). The statement of Dr. Roe was not "inadequate," within the meaning of 404.1512(e), it merely conflicted with the opinions of other treating physicians. Under the facts presented, the ALJ was permitted to resolve the conflicting evidence in the record, and was not required to recontact Dr. Roe.

## V. CONCLUSION

For the foregoing reasons, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 8] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [R.11] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy

thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

      Signed January 13, 2010.



Signed By:
*Edward B. Atkins*    *EBA*
**United States Magistrate Judge**