UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| EARL DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-21-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Earl Daniels brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied his application for a period of disability, disability insurance benefits, and supplemental security insurance. [R. 2.] Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation containing the proposed findings and recommendations.

Magistrate Judge Atkins filed his Report and Recommendations ("R&R"), and concludes that the decision of the administrative law judge ("ALJ") was supported by substantial evidence. [R. 13.] Specifically, the R&R concludes that the ALJ was not required to recontact treating physician, Dr. Robert L. Roe, to clarify his opinion from 2006 regarding Plaintiff's degree of disability. [*Id.*]

This Court must make a *de novo* determination of those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(c). Daniels filed two objections to the R&R. [R.

15.] The Commissioner did not file a response.

First, Daniels takes issue with the way the magistrate judge characterized the weight that is afforded the opinion of a treating physician on an issue that is reserved to the Commissioner, such as the ultimate determination of disability. In August of 2006, Dr. Roe opined that Daniels was "unable to seek [any] type of gainful employment. Please excuse him from work." [R. 15; Tr. 431.] The magistrate judge said in his R&R that such opinions are not entitled to "weight" or "any weight." [R. 13 at 5.] Although this seems to be a bit of an overstatement, the ALJ's decision (and the magistrate judge's R&R) clearly indicate that ALJ gave Dr. Roe's opinion due weight. Social Security regulations state that the commissioner will "not give *any special significance* to the source of an opinion on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(3) (emphasis added). The Sixth Circuit has clarified that, under this regulation, "*controlling weight* will not be provided to a treating physician's opinion on an issue reserved to the Commissioner." *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (emphasis added). Nevertheless, "the ALJ must still explain the consideration given to the treating source's opinion(s)." *Id.* As will be discussed more fully below, the ALJ in his decision directly addressed, and rejected with explanation, Dr. Roe's opinion, thereby adequately complying with § 404.1527(e)(3) and *Bass*. [R. 13 at 5.] Moreover, the Court notes that in objecting to the magistrate judge's characterization, Daniels does not allege that the ALJ merely disregarded Dr. Roe's opinion or failed to give it the weight to which it is due. [*See* R. 8, Attach 1; R. 15.]

Instead, Daniels's second, and principal, objection is that the ALJ failed to recontact the treating physician, Dr. Roe, to obtain additional information and clarify Dr. Roe's August 2006 opinion. Daniels essentially argues that Dr. Roe's report was inadequate to determine whether Daniels was disabled. [R. 8, Attach. 1 at 3.]

In assessing Roe's opinion, as required by 20 C.F.R. § 416.927, the ALJ stated as follows:

> There is no evidence of further cardiac workup/evaluation since that time, and while it was the opinion of Dr. Roe in August 2006 that the claimant (secondary to insulin-dependent diabetes with bilateral lower extremity neuropathy, hypertension and hyperlipidemia) is 'unable to seek any type of gainful employment - please excuse him from work,' *the objective clinical findings of record are not consistent with totally debilitating impairment and it is further noted that the ultimate conclusion of disability is one reserved to the Commissioner of Social Security persuant to Social Security Ruling 96-5p*.

[Tr. 30 (emphasis added).] Contrary to Daniels' argument, these findings did not require the ALJ to recontact Dr. Roe. The applicable regulation provides that the Commissioner will recontact a claimant's medical source "[w]hen the evidence we receive from your treating physician or psychologist or other medical source is *inadequate for us to determine whether you are disabled*" or when "the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1512(e) (emphasis added); *see also* § 416.912(e). In other words, the duty to recontact a claimant's treating medical source is limited to cases in which the existing medical evidence is inadequate to make a disability determination.

In this case, the ALJ discounted the opinion of Daniels's treating physician, Dr. Roe, as it related to the Plaintiff's residual functional capacity. As noted above, the ALJ concluded that the clinical findings and overall medical evidence of record did not support Dr. Roe's opinion because they were not consistent with a finding of total debilitating impairment. The ALJ in this case conducted a thorough examination of the medical evidence of record. Specifically, the ALJ observed that Plaintiff's attending emergency room and hospital physicians did not impose

permanent work restrictions on Daniels after discharge during the period of his alleged disability. Similarly, Dr. Charles Thorndyke, Plaintiff's treating physician for his kidney problems, imposed no work restrictions over this time. Moreover, the ALJ noted that Daniels's evaluating cardiologist, Dr. Terence Russell, ruled out cardiac disease in October 2003 and expressed no concerns with regard to Daniels's work activities. The ALJ, therefore, gave little weight to Dr. Roe's opinion on this narrow issue.

The ALJ's decision to give less weight to Dr. Roe's opinion did not, however, trigger an obligation to recontact Dr. Roe. The duty to recontact is "triggered when the evidence is insufficient to make an *informed* determination, not when the evidence is insufficient to make a *favorable* determination." *Pearson v. Barnhart*, 2005 WL 1397049, at *4 (E.D. Tex. May 23, 2005) (emphasis in original); *see also DeBoard v. Comm'r of Social Security*, 211 Fed.Appx. 411, 2006 WL 3690637 (6th Cir. 2006) (holding "that a disagreement between two medical professionals does not render the opinion of one 'inadequate' under the regulations); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (holding that absent a finding that the evidence from the treating source is inadequate to make a disability determination, disagreement with or discrediting of a treating physician's report is insufficient to trigger the obligation to recontact). Dr. Roe's medical opinions were neither inadequate nor incomplete. The ALJ merely found that other objective medical evidence on the record was inconsistent with his opinion.

Daniels, however, relies on an unpublished opinion from the Sixth Circuit, *Littlepage v. Chatter*, 134 F.3d 371, 1998 WL 24999 (6th Cir. 1998). In that case, the claimant argued the ALJ erred by discounting her treating physician's incomplete and altered assessment form that was more favorable to claimant's application and instead relying on the physician's less favorable treatment notes. After concluding that the ALJ properly discounted the unsupported assessment,

the circuit stated, "There was no requirement under the Commissioner's regulations to re-contact Dr. Silva in view of the fact that all of Dr. Silva's treatment notes were already in the record and were used to make a determination regarding Littlepage's mental impairment." *Littlepage*, 134 F.3d 371, 1998 WL 24999 at *3. From this passage, Daniels infers that the Sixth Circuit has imposed on the ALJ a duty to recontact treating physicians when the ALJ does not does not state that his residual functional capacity was based on the physician's notes. [R. 8, Attach 1 at 3-4; R. 15 at 2.]

The Court does not think that *Littlepage* can be read so broadly or is applicable here. First, as an unpublished table opinion, it is not binding precedent. *Salamalekis v. Comm'r of Social Security*, 221 F.3d 828, 833 (6th Cir. 2000). Moreover, the passage cited by Daniels appears to be no more than dictum since the claimant did not raise a failure-to-recontact claim. Instead, she argued the ALJ should have accepted the physician's assessment form despite it being incomplete and altered. *See Littlepage*, 1998 WL 24999 at *3. Ultimately, however, *Littlepage* is inapposite to this case because it addressed a situation where there was an obvious conflict in the records of one of the claimant's physicians. By contrast, Plaintiff has not alleged a discrepancy or conflict within Dr. Roe's notes. Instead, he seems merely to disagree that the ALJ discounted Dr. Roe's August 2006 conclusion. Because there was no duty to recontact Dr. Roe, the ALJ did not commit error by failing to do so.

In sum, having made a *de novo* determination, the Court is in agreement with the magistrate judge's conclusions as stated in his R&R. [R. 13.] Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1      The Plaintiff's Objections to the Magistrate's Report and Recommendation [R. 15] are **OVERRULED**;

      2       The Magistrate Judge's Report and Recommendation [R. 13] is **ADOPTED** as and for the opinion of this Court;

      3       The Plaintiff's Motion for Summary Judgment [R. 8] is **DENIED**;

      4       The Defendant's Motion for Summary Judgment [R. 11] is **GRANTED**; and

      5       **JUDGMENT** in favor of the Defendant will be entered contemporaneous herewith.

This the 17th day of February, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge